† MERRILL, *plaintiff in error, versus* GARDNER, *defendant in error.*

A rule of Court submitting to an arbitrator an action of replevin and all suits, claims and demands of the parties, with an agreement that the referee shall treat the action, as if it were assumpsit, and award accordingly, will authorize him to award a specific sum in damages.

And a judgment on such an award may be entered and upheld, although the arbitrator also award a *lien* upon the property replevied to secure the payment of the damages and costs.

WRIT OF ERROR, to set aside a judgment rendered upon the award of an arbitrator.

The defendant in error was plaintiff in the original suit, which was replevin for 6000 mill logs.

Merrill *v.* Gardner.

While that suit was pending, it was agreed between the parties to refer the action and all suits, claims and demands to the determination of Geo. Downes, Esq.

To the rule of Court was affixed also this agreement:—

"It is agreed that the referee shall treat the action as if it were assumpsit, and may award accordingly, and no objection shall be made to the award."

A part of the award was in these words:—

"That said John L. Gardner recover the sum of five hundred dollars of the said Aaron W. Merrill, and I further award and determine that the said Gardner shall continue to saw and manufacture the logs cut by said Merrill, marked as follows:— XXX, and dispose of the lumber sawed therefrom, as provided in contract made by said Merrill and said Gardner, dated 21st July, 1848, until he shall have fully realized the said five hundred dollars, and the costs of Court in this action, and also the costs of reference, or until the said Merrill shall pay the said sum and costs of Court and reference as aforesaid to said Gardner; and upon payment in either of the ways mentioned as above, of the sums aforesaid, the logs then remaining unsawed, together with the lumber sawed from said logs, shall become the property of said Merrill, relieved from the contract as aforesaid, and to be appropriated to his own use and benefit, as he may see fit; the said sum of five hundred dollars to be in full of all accounts, debts, dues and demands, between the said Gardner and the said Merrill, except, &c. * * * * The costs of Court to be taxed by the Court, and the costs of reference taxed at $51,12."

On this award, judgment was entered and execution issued.

The plaintiff in error assigned the following:—

1. The action referred being replevin, the said referee by his award never determined that said Merrill took said logs, or any logs of said Gardner, and therefore could not legally award damages for such taking.

2. That said referee did not by his said award find any

sum as damages for said alleged taking, no damages having been claimed by said Gardner, but awarded that he should recover of said Merrill, five hundred dollars, costs of Court and costs of reference, and that said sum of $500, should be in full of all accounts, debts, dues and demands betwixt said parties, which by law he was not authorized to do.

3. That said award is contradictory and oppressive in this, that although it finds that the said Gardner shall have and appropriate to his use the property originally of said Merrill, out of which to satisfy said amount of five hundred dollars and said costs; it also finds that said Gardner shall have and recover of the said Merrill the full sum of $500 and said costs, which stands as a judgment of record against said Merrill, and on which an execution hath issued, by force of which other goods of said Merrill are liable to be distrained and his body arrested.

The defendant in error pleaded, that there was no error, either in the record and proceedings, or in giving judgment aforesaid, and prayed that the Court might examine the same, and the matters assigned therein as error, and that the judgment aforesaid, in form aforesaid given, might be in all things affirmed, and for his costs.

*Granger*, for defendant in error.

1. It does not appear that the taking of the logs was controverted. The presumption is, that it was admitted. The damages found were for the balance due the plaintiff in the original action from Merrill, for security of which he held the logs.

2. The submission was of all demands between the parties, and it authorized the referee to find the sum due.

3. The third error respects only the mode of payment of the $500 awarded, and preserves the plaintiff's lien on the logs, according to the contract of the parties. The difficulty suggested is wholly imaginary. *Weston* v. *Stuart*, 2 Fairf. 326.

4. The contradiction supposed can be obviated by defendant's paying the amount awarded. The defendant in

error can only obtain his pay once, for by the terms of the award, payment in any mode discharges the lien on the property.

*G. F. Talbot*, for plaintiff in error, that the first was well assigned, cited *Brown* v. *Chase*, 4 Mass. 436; *Holmes* v. *Wood*, 6 Mass. 1; *Holmes* v. *Kingsbury*, 4 N. H. 104; *Whittemore* v. *Whittemore*, 2 N. H. 26; *Stone* v. *Phillips*, 33 Com. Law Rep. 274.

In support of the second error, he cited *Tudor* v. *Peck*, 4 Mass. 242; *Commonwealth* v. *Pejepscot Proprietors*, 7 Mass. 399; 4 Dallas, 285; *Bean* v. *Farnam*, 6 Pick. 269; *Bullitt* v. *Musgrave*, 3 Gill. 31; *Shearer* v. *Handy*, 22 Pick. 417.

RICE, J. — The original action was replevin for a quantity of mill logs, and, by agreement of parties, was referred to George Downes, Esq., under a rule of Court, which, however, is not among the papers in the case. By the copy of the judgment, it appears, that not only this action, but all suits, claims and demands, between the parties, were referred. From the argument of the counsel for the plaintiff in error, we infer that an agreement in writing was entered into by the parties, containing the following stipulations: — " It is agreed, that the referee shall treat this action as if it were *assumpsit*, and may award accordingly, and no objection shall be made to the award."

Under this rule, as modified and enlarged by the above agreement, a hearing of the parties was had and an award made by the arbitrator, which was accepted by the Court without objection, and judgment entered thereon.

This judgment the plaintiff in error now seeks to reverse, for the reasons alleged in his application. Without inquiring whether the errors assigned, are errors of fact or of law, it is proposed to consider whether the record discloses error of any description.

It will be perceived, that the authority conferred upon the arbitrator was very general.

He was not restricted by the technical form of the action referred, and was authorized to consider all suits, claims and demands between the parties. It was manifestly the intention of the parties that all existing controversies between them should be adjusted.

What demands, or how many actions existed between the parties, the record does not disclose, nor does it disclose the *claims,* which were made by one party or the other. So far as appears, all matters in controversy were presented to, and adjudicated by, the arbitrator. A specific sum in damages was awarded the original plaintiff, for which judgment has been entered. A lien was also provided on property in the hands of the original plaintiff, for the satisfaction of that judgment. It is contended that the arbitrator erred in not determining, specifically, who was entitled to the possession of the logs replevied. If the action of *replevin* alone had been referred, such would have been his duty. But his powers were enlarged, and he was expressly required to take into consideration other matters, and authorized to make his award in a different form.

Then it is further contended that he exceeded his authority, in providing the lien upon the logs. Whether the right to such lien was not one of the *claims* of the original plaintiff, does not distinctly appear. From the character of his suit, we think it may be legitimately inferred that such was the fact, and that the arbitrator found that he had a special property in the logs replevied, to secure the indebtedness of the original defendant, (plaintiff in error,) to him.

But even if the arbitrator, in this, exceeded his authority, and without reference to the stipulation, that "no objection shall be made to the award," the judgment may be maintained. It is well settled, that an award, good in part and bad in part, may be sustained as to that part which is good, unless so connected, that they cannot be separated. In this case, if the lien is not maintained, it is not perceived how the judgment for the specific sum awarded, can be affected. Certainly the plaintiff in error cannot be injuriously affect-

ed by such a result. But we do not intimate that any portion of the award is bad. On the contrary, we are of the opinion that it may all be maintained. By paying the sum awarded against him, the plaintiff in error may entitle himself to the possession of the property referred to in the award, and if it should be withheld, it would be restored to him by a decree of this Court. Or if he does not elect to pay, he will then be entitled to a restoration of the residue, after the amount of the award has been realized from the proceeds thereof. We are unable to perceive any uncertainty in the award, or any difficulty in entering judgment thereon, or in carrying it into effect. Nor do we perceive, that the arbitrator omitted to act upon and dispose of all matters submitted to him, nor that he has exceeded his authority in the premises. The original judgment must therefore be affirmed.